```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                    :
RENE D. EDWARDS,                    :
                                    :
          Plaintiff,                :   Civ. No. 18-11955 (NLH) (JS)
                                    :
     v.                             :   OPINION
                                    :
THE HILLMAN GROUP, et al.,          :
                                    :
          Defendants.               :
_____:
```

APPEARANCE:
Rene D. Edwards
411 East Gibbsboro Road
Suite 110
Lindenwold, NJ 08021
     Plaintiff Pro se

HILLMAN, District Judge

Plaintiff Rene D. Edwards, an individual who was previously incarcerated at the South Woods State Prison, in Bridgeton, New Jersey, seeks to bring this civil action in forma pauperis, without prepayment of fees or security, asserting a claim pursuant to 42 U.S.C. § 1983.  See ECF Nos. 1 (Complaint), 1-1 (IFP application).

Pursuant to Local Civil Rule 54.3, the Clerk shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed, unless the fee is paid in advance.  Under certain circumstances, however, this Court may permit an indigent plaintiff to proceed in forma pauperis.

The entire fee to be paid in advance of filing a civil complaint is $400. That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400. A pro se plaintiff who is denied in forma pauperis status must pay the full $400, including the $350 filing fee and the $50 administrative fee, before the complaint will be filed.

A pro se plaintiff wishing to proceed in forma pauperis must fill out form "AO 239 (Rev. 01/15) Application to Proceed in District Court Without Prepaying Fees or Costs." The form requires the plaintiff to "[c]omplete all questions in this application," and "[d]o not leave any blanks." In addition, "if the answer to a question is '0,' 'none,' or 'not applicable (N/A),' write that response." The form contains twelve questions, and many questions contain numerous subparts, which are utilized by the Court to determine a plaintiff's indigency. Finally, as part of the application, the plaintiff must swear under penalty of perjury that the information contained in the application is true.

In this action, Plaintiff seeks to proceed in forma pauperis but he has not utilized the correct form, AO 239, nor has he signed the form under penalty of perjury. See ECF No. 1-1. As such, the Court is unable to assess Plaintiff's indigency, and the application will be denied without prejudice. Plaintiff will need to provide a complete application if he

wishes for the Court to consider a future application to proceed in forma pauperis.

CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action, without filing the Complaint or assessing a filing fee.[1]  The application will be denied without prejudice.  Plaintiff will be granted leave to apply to re-open within thirty (30) days.  An appropriate Order follows.

Dated: September 28, 2018          s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).