```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

```
 MR. RENÉ D. EDWARDS,              1:18-cv-11955-NLH-JS

           Plaintiff,              OPINION

      v.

 THE HILLMAN GROUP, COMPANY,
 MARCUS O. HICKS, ESQ
 Acting Commissioner,
 Supervisor and Manager,
 WARDEN CHRISTOPHER HOLMES,
 LT. JOEL TAYLOR
 Lt. of all correctional
 staff,

           Defendants.
```

**APPEARANCES**:

RENÉ D. EDWARDS
SUMMIT PLACE APARTMENTS
411 EAST GIBBSBORO ROAD
APT. 110
LINDENWOLD, NJ 08021

    Appearing *pro se*

**HILLMAN**, District Judge

    This case concerns claims by Plaintiff, René D. Edwards, that his constitutional rights were violated when he was beaten with a padlock in a sock and raped by his cellmate in South Woods State Prison ("South Woods") in Bridgeton, New Jersey.[1]

---

[1] Plaintiff has filed twelve actions in this Court against various defendants arising out of his incarceration and this

Because Plaintiff is proceeding without prepayment of fees ("in forma pauperis" or "IFP"), the Court is required to screen his complaint pursuant to the screening provisions of the IFP statute.[2] That statute requires a federal court to dismiss an action *sua sponte* if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013).[3]

---

incident. All those cases have been closed except for this one. EDWARDS v. THE HILLMAN GROUP, COMPANY et al. 1:18-cv-11955-NLH-JS; EDWARDS V. GRANT 1:17-cv-07229-NLH-KMW; EDWARDS v. GAHM 1:16-cv-05702-NLH-AMD; EDWARDS v. THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY et al. 1:14-cv-02802-NLH; EDWARDS v. FALVEY 3:14-cv-05753-PGS-TJB; EDWARDS v. COMMISSIONER OF SOCIAL SECURITY 1:13-cv-07731-NLH; EDWARDS v. STATE OF NEW JERSEY 3:13-cv-06523-PGS; EDWARDS v. V.C.C.B. BOARD MEMBERS et al. 1:13-cv-03635-NLH-JS; EDWARDS v. BAYSIDE STATE PRISON et al. 1:13-cv-00833-NLH-AMD; EDWARDS v. UNIVERSITY OF MEDICINE AND DENTISTRY OF NEW JERSEY et al. 1:13-cv-00448-RBK; EDWARDS v. STATE OF NEW JERSEY et al. 1:13-cv-00214-NLH-JS; EDWARDS v. THE STATE OF NEW JERSEY et al. 1:08-cv-05617-RMB-KMW.

[2] The Court granted Plaintiff's IFP application, but ordered that summons should not issue at that time because the Court's *sua sponte* screening had not yet been completed. (Docket No. 19.)

[3] Also pending are two motions by Plaintiff: "MOTION on Resignment" [23] and "MOTION for Trial, Impeachment" [24]. The Court will deny those motions without prejudice because no viable complaint is pending which confers subject matter jurisdiction over the action and permits the Court to hear Plaintiff's motions. See Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998) (quoting Ex parte McCardle, 7 Wall. 506, 514, 19 L. Ed. 264 (1868)) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."); id. at 94-95 (quoting Mansfield, C.

The complaint filed by Plaintiff here contains a photocopy of a version of his complaint filed in EDWARDS v. STATE OF NEW JERSEY et al., 1:13-cv-214-NLH-JS, Docket No. 83. As a result of the screening process, motions to dismiss, and motions for summary judgment, all of Plaintiff's claims in 13-cv-214 have been dismissed and the matter is closed.[4]

There are two differences between Plaintiff's complaint here and the one filed in 13-cv-214. In this case, Plaintiff (1) eliminates all defendants named in 13-cv-214 except for South Woods and Warden Christopher Holmes, and he substitutes the former Commissioner of the Department of Corrections, Gary Lanigan, with the current Acting Commissioner, Marcus O. Hicks; and (2) includes a "Pro Se 1 (Rev. 12/16) Complaint for a Civil Case" form in which he identifies "The Hillman Group" as an additional defendant.[5] The form complaint appears to supplement the photocopied complaint to include the following allegation

---

& L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884)) ("The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'").

[4] The Third Circuit dismissed Plaintiff's appeal as untimely, and this Court denied Plaintiff's subsequent motions to reopen his time to appeal, reopen the case for new evidence, and hold hearings on his motions. The Court also denied Plaintiff's motion for recusal. See 13-cv-214, Docket No. 140, 141.

[5] As the Court stated in other cases filed by Plaintiff, this Court has no affiliation with such an entity.

3

against The Hillman Group:

> $10 MILLION U.S. DOLLARS ON EACH DEFENDANT, USE OF ASSAULT BY COMPANY COMBINATION / LOCKS - ILLEGAL WEAPON TO PROVIED AND GIVE TO ANY CONVICTED CRIMINALS WHO HAS SERIOUS CHARGES, FELL TO COMPLY WITH ORDER TO TERMINATE/ DEVICE FOR SAFTY OF ALL.
>
> TAKE NOTICE, DUE TO THE DEVICE WHICH SOLD BY SOUTH WOODS STATE PRISON IS A WEAPON, THE DISTRIBUTOR AND THE STAFF AS WELL AS THE IN CHARGED PERSON IS HELD RESPONSIBILTY / LIABLE FOR ALL INJURIES DO TO THIS DEVICE, PLAINTIFF WAS IN FACT BEATEN AND "BRUTLY" RAPE DUE TO THIS WEAPON, AND STAFF REFUSE TO MOVE A DANGEROUS PERSON WHO HAS BEEN REPORTED TO THE WORKING STAFF

(Docket No. 1 at 4.) Plaintiff has also attached a printout from The Hillman Group's online product catalog that depicts an image of a combination padlock, as well as information from The Hillman Group's webpage which states that it is a "[c]ustom manufacturer of high security master keyed padlock locks for prison, cell door." (Docket No. 1 at 16, 17.)

The Court must dismiss Plaintiff's complaint in its entirety. First, Plaintiff's claims contained in the complaint photocopied from 13-cv-214 are barred by res judicata, which encompasses claim and issue preclusion. <u>U.S. v. 5 Unlabeled Boxes</u>, 572 F.3d 169, 174 (3d Cir. 2009) (quoting <u>Venuto v. Witco Corp.</u>, 117 F.3d 754, 758 n.5 (3d Cir. 1997) ("Collateral estoppel customarily refers to issue preclusion, while res judicata, when used narrowly, refers to claim preclusion. This court has previously noted that 'the preferred usage' of the term res judicata 'encompasses both claim and issue

4

preclusion.'"). Claim preclusion requires a showing that there has been (1) a final judgment on the merits in a prior suit involving (2) the same claim and (3) the same parties or their privies. Id. (citation omitted). Collateral estoppel requires of a previous determination that (1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action. Id. (citation omitted).

Because the photocopied complaint here is literally identical to the complaint in 13-cv-214, and contains the same claims and issues that have been fully litigated to final resolution, the photocopied portion of Plaintiff's complaint in this action must be dismissed under the doctrines of claim and issue preclusion.

Second, Plaintiff's claims against the sole remaining defendant, The Hillman Group, must be dismissed for failure to establish subject matter jurisdiction and to state any cognizable claim. *Pro se* complaints must be construed liberally, and all reasonable latitude must be afforded the *pro se* litigant, Estelle v. Gamble, 429 U.S. 97, 107 (1976), but *pro se* litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard

rules of civil procedure," McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Sykes v. Blockbuster Video, 205 F. App'x 961, 963 (3d Cir. 2006) (finding that *pro se* plaintiffs are expected to comply with the Federal Rules of Civil Procedure).

Federal Rule of Civil Procedure 8(a)(2) and (3) provide that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," and "a short and plain statement of the grounds for the court's jurisdiction." Additionally, a complaint "does not need detailed factual allegations," but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted) (first citing Conley v. Gibson, 355 U.S. 41, 47 (1957); Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994); and then citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

With regard to subject matter jurisdiction, on the form complaint, Plaintiff has checked the boxes for federal question

6

jurisdiction and diversity jurisdiction.  (Docket No. 1 at 3.) Plaintiff states that the basis for federal question jurisdiction is "EIGHTH AMENDMENT VIOLATION UNDER 42 U.S.C. [§] 1983."  (Id.)  As for the basis for diversity jurisdiction, Plaintiff indicates that he is a citizen of New Jersey, but he fails to provide the citizenship of The Hillman Group, and instead avers the citizenship of Acting Commissioner Hicks, which Plaintiff avers to be New Jersey.  (Id. at 3-4.)

In order to invoke federal question jurisdiction over Plaintiff's claims against The Hillman Group, Plaintiff must plead a violation of the U.S. Constitution or the laws of the United States against it.  See U.S. Const, Art III, Section 2 (providing that federal courts can hear "all cases, in law and equity, arising under this Constitution, [and] the laws of the United States . . . ."); 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  Plaintiff fails to plead any facts against The Hillman Group, an apparently private entity, that would support his claim that it violated his Eighth Amendment rights or as a private party had the legal status to do so.[6]

---

[6] "To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation was committed by a person acting under color

7

In order to establish diversity jurisdiction over The Hillman Group, Plaintiff must properly plead its citizenship. See 28 U.S.C. § 1332 (providing that a district court has jurisdiction over a matter based on the diversity of citizenship of the parties and an amount in controversy in excess of $75,000, exclusive of interests and costs). Plaintiff states in the caption that The Hillman Group is a corporation located in Cincinnati, Ohio, but that does not satisfy the proper pleading standard for establishing the citizenship of a corporation. See 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .").

Additionally, Plaintiff alleges that The Hillman Group sold the padlock to South Woods that was used to beat him, and that The Hillman Group is liable for his injuries because the padlock is an "illegal weapon," but Plaintiff does not plead any cause of action against The Hillman Group. Rule 8(a)(2) requires that a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff has failed to do so.

Because of the above-described deficiencies in Plaintiff's

---

of state law." Moore v. Tartler, 986 F.2d 682, 685 (3d Cir. 1993).

claim against The Hillman Group, the Court must dismiss Plaintiff's complaint pursuant to Fed. R. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.") and 28 U.S.C. § 1915(e)(2)(B)(ii) (for a litigant proceeding IFP, "the court shall dismiss the case at any time if the court determines that . . . the action fails to state a claim on which relief may be granted").

The Court, however, will provide Plaintiff with 30 days to file an amended complaint if he can do so consistent with the direction provided by the Court herein. See <u>Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.</u>, 482 F.3d 247, 251 (3d Cir. 2007) (stating that Third Circuit case law "supports the notion that in civil rights cases district courts must offer amendment--irrespective of whether it is requested--when dismissing a case for failure to state a claim unless doing so would be inequitable or futile").

An appropriate Order will be entered.


Date: <u>December 9, 2019</u>      <u>s/ Noel L. Hillman</u>
At Camden, New Jersey      NOEL L. HILLMAN, U.S.D.J.