```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| MR. RENÉ D. EDWARDS, | 1:18-cv-11955-NLH-JS |
| Plaintiff, | MEMORANDUM OPINION & ORDER |
| v. | |
| THE HILLMAN GROUP, COMPANY, MARCUS O. HICKS, ESQ Acting Commissioner, Supervisor and Manager, WARDEN CHRISTOPHER HOLMES, LT. JOEL TAYLOR Lt. of all correctional staff, | |
| Defendants. | |

**APPEARANCES**:

RENÉ D. EDWARDS
SUMMIT PLACE APARTMENTS
411 EAST GIBBSBORO ROAD
APT. 110
LINDENWOLD, NJ 08021

    Appearing *pro se*

**HILLMAN**, District Judge

    WHEREAS, this case concerns claims by Plaintiff, René D. Edwards, that his constitutional rights were violated when he was beaten with a padlock in a sock and raped by his cellmate in South Woods State Prison ("South Woods") in Bridgeton, New Jersey; and

WHEREAS, on December 9, 2019, this Court screened Plaintiff's complaint because Plaintiff sought to proceed without prepayment of fees ("in forma pauperis" or "IFP"), see 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013) (explaining that a court is required to screen a party's complaint pursuant to the screening provisions of the IFP statute, and the court is required to dismiss an action *sua sponte* if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards); and

WHEREAS, the Court granted Plaintiff's IFP application, but dismissed Plaintiff's complaint for two reasons: (1) Plaintiff's claims contained in the complaint photocopied from a prior action, 13-cv-214, were barred by *res judicata* (Docket No. 24 at 4-5); and (2) Plaintiff failed to establish subject matter jurisdiction and to state any cognizable claim against the sole remaining defendant, The Hillman Group[1] (id. at 5-9); and

WHEREAS, the Court closed the case, but provided Plaintiff with 30 days to file an amended complaint, following the direction in Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007) (stating that Third

---

[1] As the Court stated in the December 9, 2019 Opinion and in other cases filed by Plaintiff, this Court has no affiliation with such an entity.

2

Circuit case law "supports the notion that in civil rights cases district courts must offer amendment--irrespective of whether it is requested--when dismissing a case for failure to state a claim unless doing so would be inequitable or futile"); and

WHEREAS, a day after the Court issued its decision, and likely prior to Plaintiff receiving a copy of the Opinion and Order, Plaintiff filed a motion styled: MOTION ORDER TO HAVE ALL PARTIES "SERVED" "ASAP" DUE TO THIS "INCIDENT" OF "RAPE" "BEATEN" WHILE IN CUSTODY OF A PROGRAM I DID NOT FALL UNDER, I CAN'T TAST [sic] FOOD FOR THE REST OF MY LIFE, CAN'T FEEL MY HANDS FOR THE REST OF MY LIFE DUE TO THIS INJURIES "SUSTAIN" DISCRIMINATION OF 5-COUNTS, NOW THE DOCTOR HAS STATED I HAVE ONLY (36 MONTHS) LEFT TO LIVE DUE TO THIS INJURIES I SUSTAIN ON FALSE ARREST (Docket No. 27); and

WHEREAS, the Court finds that the Court cannot grant the relief requested by Plaintiff because there is no valid complaint and no live case or controversy pursuant to which this Court may order service of process; and

WHEREAS, the Court further notes that Plaintiff failed to file an amended complaint within 30 days, which would have reopened the matter;[2]

---

[2] On December 31, 2019, Plaintiff filed what appears to be an almost identical case in the Trenton vicinage, EDWARDS v. THE HILLMAN GROUP COMPANY FOR SOUTH WOODS STATE PRISON COMBINATION PADLOCKS et al., 3:19-cv-22214-AET-ZNQ, and named the

3

THEREFORE,

IT IS on this  2nd  day of   July   , 2020

ORDERED that Plaintiff's Motion to Serve [27] be, and the same hereby is, DENIED.

At Camden, New Jersey                    s/ Noel L. Hillman
                                         NOEL L. HILLMAN, U.S.D.J.

---

undersigned as an additional defendant.